```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| MEMPHIS DENTAL MANUFACTURING CO., INC., | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | )  No. 22-cv-02790-TLP-tmp ) |
| BASE PLATE WAX DIRECT, INC., TERRANCE MARMINO, and FRANK BOWMAN, | ) ) ) ) |
| Defendants/Counter-Plaintiffs. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL**

Before the court is Plaintiff/Counter-Defendant Memphis Dental Manufacturing Co., Inc.'s ("Memphis Dental") Motion to Compel discovery responses from Defendant/Counter-Plaintiff Base Plate Wax Direct, Inc. ("Base Plate"). (ECF No. 36.) Base Plate filed a response on January 9, 2024. (ECF No. 37.) The motion was referred to the undersigned on January 12, 2024. (ECF No. 38.) The first hearing was held on February 1, 2024, but was reset to March 4, 2024, at the request of lead counsel for Memphis Dental. (ECF Nos. 39, 42.) On March 1, 2024, the parties filed a joint motion to continue the hearing, which the undersigned granted in part and denied in part, resetting the hearing for March 18, 2024. (ECF Nos. 49, 50.) Again, on March 15, 2024, the parties filed a joint

motion to continue the hearing in order to finalize an amended protective order and to work through outstanding discovery issues, and the undersigned reset the hearing for April 2, 2024. (ECF Nos. 52, 54.) At the hearing on April 2, 2024, the parties explained that they were continuing to work towards an amended protective order and a resolution to the pending discovery issues, and therefore, the undersigned reset the matter for April 19, 2024, and advised the parties that the court would not grant any further motions for continuances on the motion. (ECF No. 56.) On April 16, 2024, the parties filed a joint motion for entry of an amended protective order, which the undersigned entered on April 17, 2024. (ECF Nos. 58, 59.) A hearing was held in person on April 19, 2024.

Regarding Requests for Production Nos. 2, 13, 14, and 23-29, counsel for Memphis Dental represented that Base Plate had produced a batch list for all of the wax products but redacted the specific weights/measurements of the mixtures within those batch lists. When asked whether production of the weights/measurements would satisfy these requests in full, counsel for Memphis Dental agreed that such a production would be satisfactory. Accordingly, as the undersigned ruled at the hearing, Base Plate is ORDERED to produce the unredacted weights/measurements of the mixtures within twenty (20) days of entry of this order but may do so according to the attorneys-eyes-only provision in the First Amended Protective Order.

Regarding Request for Production No. 10, Memphis Dental requested any and all photographs or videos posted to any social networking sites or blogs. Base Plate argues that there are no social media posts and that such request should have been made to an individual. Memphis Dental conceded the point, so therefore, this request is DENIED.

Regarding Request for Production No. 15, Memphis Dental requested a copy of Base Plate's customer list, arguing that such information is relevant to determine the identities of any customers who were previously doing business with Memphis Dental but are now doing business with Base Plate. Base Plate argued that the entire customer list exceeds the scope of this action. As ruled at hearing, the undersigned finds that the customer list is discoverable, and Base Plate is ORDERED to produce the customer list within twenty (20) days of entry of this order but may do so according to the attorneys-eyes-only provision in the First Amended Protective Order.

Regarding Request for Production No. 18, Memphis Dental requested a two-pound sample of the wax product for testing and analysis. Base Plate argued that production of the sample is unnecessary because Memphis Dental already has the ingredients and will obtain the weights/measurements of the mixtures, and in any event, the product is publicly available for purchase. As ruled at the hearing, the undersigned finds that the sample is discoverable

and Base Plate is ORDERED to produce the two-pound sample within twenty (20) days of entry of this order. However, if the cost of producing the sample turns out to be excessive, Base Plate may file a motion requesting cost-sharing at a later date.

Regarding Request for Production No. 19, Memphis Dental requested an on-site inspection of the manufacturing facility. Memphis Dental argued that the inspection is relevant to show that Base Plate created a "mirror business" and allegedly stole both the product and process. Base Plate argued that inspection is unduly burdensome and that Memphis Dental will be in possession of a list of equipment, ingredients, and the weights/measurements of the mixtures. Rule 26 gives courts discretion to limit the scope of discovery where the information sought would be unduly burdensome, and the undersigned finds that an on-site inspection of the factory is not proportional in light of the allegations made and the information that has and will be produced. See generally McCollum v. City of Chattanooga, No. 1:04-cv-336 Mattice/Lee, No. 1:05-cv-245 Mattice/Lee, 2007 WL 9734370, at *3 (E.D. Tenn. June 15, 2007) (quoting Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 659 (C.D. Cal. 2005) ("Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.")). Accordingly, this request is DENIED.

Regarding Request for Production No. 20, Memphis Dental requests a copy of all purchase orders and invoices, arguing that this request is relevant for calculation of damages and identification of customers. Base Plate argued that this case is only about Memphis Dental's current customers that Base Plate allegedly stole and such a production should be limited only to those customers. As ruled at the hearing, based on the arguments, the undersigned finds that this information is discoverable, and therefore, Base Plate is ORDERED to produce the purchase orders and invoices within twenty (20) days of entry of this order.

Finally, regarding Request for Production No. 21, Memphis Dental requested correspondence to and from certain companies, claiming that the dates were redacted and deleted. Counsel for Base Plate explained that the omission of the dates was a result of an error in the scanning of the documents rather than an intentional redaction, and that Base Plate has previously reproduced those documents with the dates visible. Memphis Dental conceded this argument, and therefore, this request is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 19, 2024
Date