# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **MEMPHIS DENTAL MANUFACTURING CO., INC.,** ) | |
| ) | |
| Plaintiff/ ) | |
| Counter-Defendant, ) | |
| ) | |
| v. ) | No. 22-cv-02790-TLP-tmp |
| ) | |
| **BASE PLATE WAX DIRECT, INC., TERRANCE MARMINO, and FRANK BOWMAN,** ) ) ) | |
| ) | |
| Defendants/ ) | |
| Counter-Plaintiffs. ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND PLAINTIFF'S EXPERT DISCLOSURES (ECF NO. 71) AND TO STRIKE (ECF NO. 89), AND DENYING DEFENDANTS' MOTIONS FOR CONTEMPT AND SANCTIONS (ECF NO. 72) AND TO QUASH (ECF NO. 87)**

Before the court by order of reference are plaintiff/ counter-defendant Memphis Dental Manufacturing Company, Inc.'s ("Memphis Dental") Motion for Leave to Amend Plaintiff's Expert Disclosures, and defendants/counter-plaintiffs Base Plate Wax Direct, Inc., Terrance Marmino, and Frank Bowman's (collectively "Base Plate") Motion for Contempt and Sanctions. (ECF Nos. 71, 72, 75, 76.) The undersigned was subsequently referred Base Plate's Motion to Quash and for Follow Up on Motion for Sanctions, which Memphis Dental moved to strike in its response in opposition. (ECF Nos. 87, 88, 89.) A motions hearing was held on November 14, 2024. (ECF No.

90.) At that hearing, the undersigned directed the parties to notify the court of any change in settlement status by November 20, 2024. (Id.) Because the parties were unable to reach a settlement, (ECF No. 91), the undersigned has considered the pending motions and DENIES them for the reasons below.

## I. Memphis Dental's Motion for Leave to Amend Plaintiff's Expert Disclosures (ECF No. 71)

Memphis Dental's first motion, filed on July 8, 2024, seeks leave to amend its expert disclosures under Federal Rule of Civil Procedure 16. (ECF No. 71 at PageID 362-63.) In accordance with the court's Second Amended Scheduling Order, Memphis Dental timely produced its expert disclosures (but without reports) on June 3, 2024. (ECF No. 73 at PageID 383-84); (see also ECF No. 48.) Memphis Dental then produced a "Supplemental Expert Disclosure" on June 25, 2024, twenty-two days after its deadline had passed and six days before Base Plate's expert disclosures were due. (ECF No. 71-1; ECF No. 73 at PageID 384.) Memphis Dental acknowledges that it seeks not to merely amend its prior disclosure, but to instead "replace[] Plaintiffs' [sic] Initial Experts with two new Experts," Stephen H. Spiegelberg and Joseph D. Reno. (ECF No. 71 at PageID 362); (see also ECF No. 71-1.) Base Plate responded in opposition on July 10, 2024. (ECF No. 73.) Defendants argue that Memphis Dental had sufficient time to select its experts by the June 25 deadline, and that it would prejudice Base Plate to allow

Memphis Dental to designate wholly new experts after that deadline. (Id. at PageID 384-85.)

Federal Rule of Civil Procedure 26(a)(2) mandates that a party disclose "the identity of any witness it may use at trial to present evidence under Federal of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such disclosures must be made at the time and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). Once the court has set a scheduling order, including each party's expert disclosure deadlines, a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." Taylor v. Cardinal Health 414, LLC, No. 2:20-cv-02004-JPM-tmp, 2020 WL 12968838, at *2 (W.D. Tenn. Oct. 29, 2020) (quoting Ross v. Am. Red Cross, 567 F. App'x 296, 306 (6th Cir. 2014)). "Prejudice to the non-moving party is a relevant consideration, but the main focus should remain on the moving party's exercise of diligence." Bryant v. GlaxoSmithKline, LLC, No. 19-02673-SHM-tmp, 2021 WL 4786205, at *2 (W.D. Tenn. Oct. 31, 2021) (internal quotation marks omitted) (quoting EEOC v. U-Haul Intern., Inc., 286 F.R.D. 322, 325 (W.D. Tenn. 2012)).

Here, Memphis Dental has not demonstrated good cause for an extension of its expert disclosure deadline. In its proposed amended disclosure, Memphis Dental writes that Dr. Spiegelberg and Mr. Reno were expected to testify about two issues central to plaintiff's claims from the moment of filing: the formulation and production of the parties' dental wax products and plaintiff's loss of income, respectively. (See ECF No. 71-1 at PageID 366.) As Base Plate notes, more than a year and six months elapsed between the filing of plaintiff's complaint and its June 3, 2024 expert disclosure deadline. (See ECF No. 73 at PageID 384.) Even accounting for discovery delays in this matter, Memphis Dental had ample time to identify appropriate experts and prepare its expert reports before the twice-extended deadline.

The court's conclusion is further supported by Memphis Dental's failure to prepare, let alone produce, any written expert report in compliance with Federal Rule of Civil Procedure 26. See Fed. R. Civ. P. 26(a)(2)(B) ("Unless otherwise stipulated or ordered by the court, [an expert] disclosure must be accompanied by a written report[.]") At the court's November 14 hearing, Memphis Dental argued that its experts have been unable to provide written conclusions because they still have not received Base Plate's wax sample. (See ECF No. 63 at PageID 305-06) (ordering Base Plate to produce "a two-pound sample of the wax product for testing and analysis"). Defendants maintain, however, that their

sample was made available shortly after the court's April 19 order. (See id.) Base Plate argues that blame instead lies with Memphis Dental for failing to tell Base Plate where to send the sample—information plaintiff has still not provided seven months later. The court again agrees with Base Plate. Memphis Dental has now twice produced deficient expert disclosures under Rule 26, the latter of which Memphis Dental asks the court to permit almost one month after its deadline and nearly two months after Base Plate's sample was made available. Memphis Dental has not exercised diligence in attempting to meet the court's deadlines and its motion is therefore DENIED.

**II.  Base Plate's Motion for Contempt and Sanctions (ECF No. 72)**

The court next considers Base Plate's Motion for Contempt and Sanctions, filed on July 10, 2024. (ECF No. 72.) Base Plate asks the court to hold Memphis Dental in contempt for failing to comply with the undersigned's June 5, 2024 order. (ECF No. 72 at PageID 373-74; ECF No. 68.) In that order, the court granted Base Plate's May 17, 2024 motion to compel in full, directing Memphis Dental to produce various discovery responses. (ECF No. 68.) Memphis Dental produced 171 pages of responsive material on June 25, 2024, "many of which were objected to, were incomplete, or Memphis Dental claimed to be outside the scope of discovery," according to defendants. (ECF No. 72 at PageID 374.) Base Plate also contends that Memphis Dental failed to comply with the court's guidance by

- 5 -

marking 140 pages as "Attorney's Eyes Only." (Id. at PageID 373-74); (see also ECF No. 68) (directing plaintiff to produce certain responses but instructing that it may do so "according to the attorneys-eyes-only provision in the First Amended Protective Order.") Because of these deficiencies, Base Plates asks the court to find Memphis Dental in contempt, award attorneys fees, and either dismiss Memphis Dental's claims or enter an order striking plaintiff's objections and directing production of "full and complete responses." (ECF No. 72 at PageID 375.)

After expiration of the court's ninety-day stay of this action, (see ECF Nos. 81, 83, 84), Memphis Dental filed its response on October 22, 2024, (ECF No. 85.) Memphis Dental writes that it "is actively working to address [defendants'] concerns and intend[ed] to provide supplemental responses within fourteen (14) days." (ECF No. 85 at PageID 406.) Nonetheless, Memphis Dental argues that Base Plate's requested sanctions and finding of contempt are inappropriate. In support, Memphis Dental asserts it did provide "substantial responses" to Base Plate's requests, did not "willfully disobey[] any court order," and "is actively working to remedy any deficiencies." (Id. at PageID 407.)

"Federal courts have broad contempt power, which exists for the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." Reynolds & Reynolds Co., Inc. v. Alan Vines Auto. of Jackson, LLC,

No. 1:20-mc-0003-STA, 2021 WL 765775, at *2 (W.D. Tenn. Feb. 26, 2021) (quoting Brown v. City of Upper Arlington, 637 F.3d 668, 671 (6th Cir. 2011)). Further, "[t]he district court [has] broad discretion to fashion an appropriate remedy for . . . contempt." Williamson v. Recovery Ltd. P'ship, 467 F. App'x 382, 396 (6th Cir. 2012).

At this time, the court declines to impose sanctions or find Memphis Dental in contempt of its order granting Base Plate's motion to compel. Although the court acknowledges the last-minute nature of Memphis Dental's production, the parties have represented that Memphis Dental did provide its promised supplemental production late in the evening of November 13, 2024. Base Plate's Motion for Contempt is therefore DENIED under these circumstances. To the extent that Memphis Dental has additional responsive documents or has produced deficient responses, plaintiff is hereby ORDERED, by December 15, 2024, to complete its production and/or file a certification that it has fully complied with the court's June 5, 2024 order. Memphis Dental is warned that failure to comply may result in future sanctions.

### III. Base Plate's Motion to Quash and Memphis Dental's Motion to Strike (ECF Nos. 87 & 89)

Finally, Base Plate moves the court to quash Memphis Dental's October 28 subpoena to depose Bowers Road Investments, LLC ("Bowers Road"), the owner of certain manufacturing equipment leased to

- 7 -

Base Plate. (ECF No. 87 at PageID 411-13.) Base Plate filed its motion on November 11, 2024, characterizing the subpoena as "a last minute effort by Memphis Dental to obtain discovery it could not otherwise obtain." (Id. at PageID 413.) Base Plate argues, *inter alia*, that the court has already denied Memphis Dental's prior attempt to access Base Plate's leased equipment; compelling an uninterested party to appear would be "unduly burdensome" at this stage of litigation; and, depending on the court's interpretation of its September 20, 2024 order extending the stay of this action, the discovery period has now closed. (Id. at PageID 412-13.) Base Plate also asks the court for an order striking Memphis Dental's November 7 notice to depose defendants. (Id.) Base Plate again alleges that the discovery deadline has now passed, and in the alternative, permitting Memphis Dental to depose defendants would be inequitable in light of Memphis Dental's insufficient and delayed discovery responses. (Id. at PageID 413-14.)

Memphis Dental filed its response on November 13, 2024. (ECF No. 89.) Regarding its subpoena for Bowers Road, Memphis Dental argues that the requested documents and testimony are relevant to its claims, proportional to the needs of the case, and thus within the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1). (Id. at PageID 423.) Memphis Dental also argues that its prior discovery request to inspect Base Plate's

manufacturing equipment did not specifically name Bowers Road, and thus the court's April 19 order denying that request does not preclude the instant subpoena. (Id. at PageID 424.) As to its notices to depose defendants, Memphis Dental rejects Base Plate's representation that there were no pending efforts to take party depositions when the parties jointly moved to stay the action. (Id. at PageID 425.) Instead, Memphis Dental asserts that it served notices of subpoena and deposition to Pamela Williams, Cathy Ortiz, and each named defendant on July 19, 2024. (Id.); (see also ECF Nos. 89-2, 89-3, 89-4, 89-5, 89-6.) At the court's November 14 hearing, counsel for Base Plate admitted to this error, acknowledging that Memphis Dental did serve its deposition notices before the parties' July 31, 2024 discovery deadline. Finally, Memphis Dental also moves to strike Base Plate's request for an order blocking depositions of the defendants. (ECF No. 89 at PageID 424-25.) According to Memphis Dental, Base Plate's argument——which Base Plate admittedly styles as a "Follow Up On Motion for Sanctions" (ECF No. 87)——represents an attempt to "circumvent the local rules" by refashioning what is, in effect, a reply in support of its motion for sanctions, (ECF No. 89 at PageID 424-25.)

As an initial matter, the court declines to adopt Memphis Dental's interpretation of Base Plate's November 11 motion as a reply in support of its July 10 motion for sanctions. Although Base Plate alleges similar grounds in both motions, its latter

"follow up" request asks the court for distinct relief. (Compare ECF No. 72 at PageID 376 (requesting dismissal of all claims, or alternatively, an order compelling the immediate production of plaintiff's written discovery responses) with ECF No. 87 at PageID 414 (requesting "an order protecting Defendants from the requirement to attend [plaintiff's noticed] deposititons").) Memphis Dental's motion to strike is therefore DENIED.

Turning to the merits of Base Plate's motions, Federal Rule of Civil Procedure 45 instructs that the court, on timely motion, "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." In re: Modern Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018) (quoting Am. Elec. Power Co., Inc. v. United States, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). In addition, Federal Rule of Civil Procedure 26(b)(1) generally provides that parties may obtain discovery regarding any nonprivileged matter, so long as that discovery is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). But the court "must limit the frequency or extent of discovery otherwise allowed" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source

>    that is more convenient, less burdensome, or less expensive;
>
>    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>    (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

The court finds that, on balance, permitting Memphis Dental to proceed with the challenged depositions would not prove unduly burdensome, irrelevant, or disproportional to the needs of the case. As to Bowers Road, the court agrees with Memphis Dental's position that the undersigned's April 19 order denying plaintiff's request for production is not dispositive. There, the undersigned denied Memphis Dental's request for an on-site inspection of Base Plate's manufacturing equipment, finding that entry onto Base Plate's premises would likely impose a higher burden than mere production of documents. (See ECF No. 63 at PageID 306) (citing McCollum v. City of Chattanooga, No. 1:04-cv-336 Mattice/Lee, No. 1:05-cv-245 Mattice/Lee, 2007 WL 9734370, at *3 (E.D. Tenn. June 15, 2007)). Memphis Dental's instant subpoena instead seeks to depose Bowers Road at the law office of plaintiff's counsel. (ECF No. 87-1.) Because defendant Frank Bowman is a co-owner and registered agent of Bowers Road, (ECF No. 87 at PageID 412; ECF No. 87-1 at PageID 418), the court is further convinced that

- 11 -

Memphis Dental's subpoena would not present an undue burden despite Bowers Road's status as a non-party.

The undersigned also declines to quash Memphis Dental's subpoena on timeliness grounds, as the court's September 20 order did not explicitly address the discovery deadlines in this case. (See ECF No. 84.) On the other hand, the court finds that Memphis Dental's July 19 notices to depose defendants were squarely within the court's second-amended deposition deadline. (See ECF No. 48) (setting the parties' deadline for written discovery and depositions as July 31, 2024.) Base Plate's motion to quash and "follow up" motion to block Memphis Dental's depositions of the defendants are therefore DENIED. However, in fairness to the parties, the court will also permit Base Plate an opportunity to depose plaintiff's witnesses beyond the now-closed discovery period.

The parties are hereby ORDERED to notice and complete any remaining depositions as permitted herein by January 15, 2025. No further extensions will be granted. Neither this deadline, nor Memphis Dental's December 15 deadline for supplemental written discovery, shall be construed to affect any other deadlines outlined in the court's Second Amended Scheduling Order.

IT IS SO ORDERED.

                                      s/Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      November 27, 2024
                                      Date