**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

MEMPHIS DENTAL MANUFACTURING  )
COMPANY, INC.,                )
                             )
     Plaintiff,              )
                             )
v.                           )     No. 22-cv-2790-TLP-tmp
                             )
BASE PLATE WAX DIRECT, INC., )
TERRANCE MARMINO, and FRANK  )
BOWMAN,                      )
                             )
     Defendants.            )
                             )

_____

**ORDER ON MOTION TO COMPEL AND MOTION TO QUASH**
_____

Before the court by order of reference are plaintiff/counter-defendant Memphis Dental Manufacturing Company, Inc.'s ("Memphis Dental") Motion to Compel Discovery Responses and defendants/counter-plaintiffs Base Plate Wax Direct, Inc., Terrance Marmino, and Frank Bowman's (collectively "Base Plate") Motion to Quash and for Fees. (ECF No. 102, 106.) The undersigned hereby GRANTS the Motion to Compel and DENIES the Motion to Quash for the reasons below.

I.   **Memphis Dental's Motion to Compel Discovery Responses**

On January 21, 2025, Memphis Dental filed its Motion to Compel Discovery Responses pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii-iv), requesting full and complete responses to the

requests for production it served on Base Plate on June 26, 2024. (ECF No. 102.) In relevant part, the June 26 request for documents asked Base Plate to "produce any contract by and between any of the Defendants and any contract entered into on behalf of any defendant and any other individual or entity." (ECF No. 102-1 at PageID 490.) At the motions hearing, the request was modified to seek contracts the Defendants entered into with only four companies and their affiliates.[1] (ECF No. 114, recording of hearing at 01:18:40-01:19:47.)

Pursuant to the Second Amended Scheduling Order, the discovery deadline was July 31, 2024. (ECF No. 48 at PageID 189.) After Memphis Dental served its June 26 discovery request, the case was stayed from July 25, 2024, to October 22, 2024, during which time the parties engaged in mediation. (ECF Nos. 81, 84.) The outstanding discovery request was discussed during the stay, and Base Plate informed Memphis Dental that they would respond to the discovery request if, or when, the stay was lifted. (ECF No. 102 at PageID 482.) Memphis Dental alleges that by October 28, 2024, six days after the stay was lifted, Base Plate had still not provided a response. (Id.) It also alleges that, on the same date, its counsel emailed Base Plate for an update on the pending

---

[1]At the hearing, Memphis Dental listed Affordable Denture and Verident. (ECF No. 114, recording of hearing at 00:52:40-00:52:52.) The other two companies are either not mentioned by name or unintelligible on the recording.

- 2 -

discovery requests. (Id.) Further, Memphis Dental states that Base Plate provided an incomplete response on November 11, 2024, which stated that "Defendants object to this request on the grounds that it is overbroad and outside the scope of discovery as not relevant to the claims and defenses in this action. Subject to these objections, discoverable documents responsive to this request have already been produced." (ECF No. 102-2 at PageID 493.) On November 27, 2024, the undersigned entered an order permitting supplemental written discovery to continue until December 15, 2024, and depositions to be taken until January 15, 2025. (ECF No. 96 at PageID 465.) Defendants Frank Bowman and Terry Marmino were deposed on January 8 and 9, 2025, respectively, and testified to the existence of the documents Memphis Dental sought in its June 26 discovery request and in this Motion to Compel. (Id.)

Base Plate filed a response in opposition to the Motion to Compel on January 24, 2025. (ECF No. 105.) They argue that Memphis Dental's Motion to Compel is untimely. (Id. at PageID 499.) First, they highlight language from the Second Amended Scheduling Order, which required motions to compel to be filed within thirty days after the opposing party's response or failure to respond. (ECF No. 48 at PageID 190-91.) Base Plate argues that Memphis Dental's Motion to Compel was not filed within this timeframe. (ECF No. 105 at PageID 499.) They state that even if they add the six days left in discovery when the stay began and calculate the end of discovery

- 3 -

to be October 28, 2024, Memphis Dental's January 21, 2025 Motion to Compel would still be untimely. (Id.) Base Plate further argues that they reached out to Memphis Dental on December 9, 2024, asking for specification on which customers it was seeking information for in its request for documents, but never received clarification from Memphis Dental. (Id. at PageID 500-01.)

Memphis Dental filed its reply to Base Plate's response in opposition on February 2, 2025. (ECF No. 112.) It argues that Base Plate was untimely in responding to the June 26 request for documents, due October 23, 2024, and that because Base Plate was late to respond, they have waived any objection to the Motion to Compel on untimeliness grounds. (Id. at PageID 534.) Memphis Dental suggests that although its counsel "repeatedly attempted to reach a compromise with [Base Plate], including limiting the scope of [Memphis Dental]'s requests[,] [Base Plate] still refused to produce[] documents and instead sought to use their own delay as a sword." (Id.) To support its need to file a motion to compel in January of 2025 for a June 2024 request for documents, Memphis Dental argues that Defendants Marmino and Bowman referenced the documents requested in the June 26 request at their depositions, which was the first time Memphis Dental received verification that the documents existed. (Id.)

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer,

- 4 -

designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such a motion may be made when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). A district court enjoys broad discretion in managing discovery. Ghandi v. Police Dep't of City of Detroit, 747 F.2d 338, 354 (6th Cir. 1984); McCurry v. Eastman Credit Union, No. 2:23-CV-61, 2024 WL 4800527, at *1 (E.D. Tenn. July 10, 2024). "As a general matter, 'the scope of discovery is within the sound discretion of the trial court.'" Am. Sec. & Audio Video Sys., Inc. v. Prep TMT, LLC, No. 5:22-CV-00558, 2025 WL 3003927, at *2 (N.D. Ohio Oct. 27, 2025) (quoting Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 642 (6th Cir. 2018)). A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. Blue Cross Blue Shield of Mich. Mut. Ins. Co. v. Express Scripts, Inc., No. 2:23-CV-11213, 2025 WL 3780671, at *3 (E.D. Mich. Nov. 26, 2025) (citing Ginett v. Fed. Express Corp., 166 F.3d 1213 (6th Cir. 1998)). However, courts in the Sixth Circuit have granted untimely motions to compel where the delay was not undue and "counsel continued to engage in efforts to resolve [discovery] issues for the period of time prior to the close of discovery and preceding the filing of [the motion to

compel]." Frye v. CSX Transportation, Inc., No. 14-CV-11996, 2016 WL 2758268, at *2 (E.D. Mich. May 12, 2016); see also Ashby v. A&J Brothers, Inc., No. 23-cv-12152, 2025 WL 870130, at *2 (E.D. Mich. Mar. 20, 2025).

The parties disagree on the date on which Base Plate was obligated to respond after the stay was lifted. However, Memphis Dental argues that this is irrelevant because although Base Plate's November 11, 2024 response stated that "[s]ubject to [their] objections, discoverable documents responsive to [the June 26 request had] already been produced[,]" Marmino and Bowman testified to the existence of responsive documents at their depositions on January 8 and 9, 2025. (ECF Nos. 102 at PageID 482, 102-2 at PageID 493.) Thus, Memphis Dental argues that Base Plate's November 11, 2024 response was incomplete. (ECF No. 102 at PageID 482.) The court finds that Memphis Dental reasonably relied on Base Plate's November 11 response when it did not file a motion to compel within thirty days. It was also reasonable for it to file its Motion to Compel after the January 8 and 9 depositions, where it learned of the existence of responsive documents it previously did not know about. Therefore, Memphis Dental's Motion to Compel is not untimely.

Further, the undersigned finds that requiring a response to the June 26 document request for contracts with only four companies mentioned by Memphis Dental at the motions hearing would not prove

unduly burdensome or disproportional to the needs of the case. (See ECF No. 01:18:40-01:19:47.) Further, the parties had been communicating regarding this discovery request since June of 2024. They discussed it during the stay and into December 2024, shortly before the Motion to Compel was filed. (ECF No. 102 at PageID 482.) The court therefore GRANTS Memphis Dental's Motion to Compel.

Regarding the third request in the June 26, 2024 discovery request, Base Plate is hereby ORDERED to produce any contract by and between any of the Defendants and any of the four companies mentioned at the motions hearing within thirty days of the entry of this order. No further discovery will be permitted.

## II.  Base Plate's Motion to Quash and for Fees

Base Plate's Motion to Quash, filed January 24, 2025, seeks to quash the subpoena that Memphis Dental issued to the Bank of Bartlett, a non-party. (ECF No. 106 at PageID 511.) The subpoena sought any credit applications of Defendant Marmino. (Id. at PageID 512.) Base Plate states that the subpoena gave the Bank of Bartlett less than one week to comply, and that, when the subpoena was issued, trial was less than a month away. (Id.) They argue that the subpoena should be quashed because it was issued outside the time for discovery and that Base Plate should be awarded their fees for having to address and defend against the subpoena. (Id.)

Memphis Dental filed its response in opposition on February 7, 2025. (ECF No. 111.) In its response, it argues that Base Plate

- 7 -

does not have standing to bring their motion because they have not established that they have a claim of privilege, proprietary interest, or personal interest. (Id. at PageID 525.) Further, it argues that even if Base Plate does have standing, their Motion to Quash should be denied because Base Plate's own delay prevented Memphis Dental from issuing the subpoena prior to July 31, 2024. (Id.)

Federal Rule of Civil Procedure 45 instructs that the court, on timely motion, "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." In re: Modern Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018) (quoting Am. Elec. Power Co., Inc. v. United States, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). In addition, Federal Rule of Civil Procedure 26(b)(1) generally provides that parties may obtain discovery regarding any nonprivileged matter, so long as that discovery is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). But the court "must limit the frequency or extent of discovery otherwise allowed" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

The court finds that, while Base Plate (and in particular, Marmino) has standing to challenge the subpoena, permitting Memphis Dental to proceed with the subpoena would not prove unduly burdensome or disproportional to the needs of the case. The trial date has since been continued, and Bank of Bartlett will have sufficient time to provide a response to the subpoena. The undersigned also declines to quash Memphis Dental's subpoena on timeliness grounds. Thus, the Motion to Quash is DENIED.

### III. CONCLUSION

Based on the above, Memphis Dental's Motion to Compel is GRANTED and Base Plate's Motion to Quash is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 24, 2025
Date